UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAL WINGER, individually and on behalf of all others similarly situated,<br><br>v.<br><br>THE QUAKER OATS COMPANY | Case No. 1:22-cv-02023<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Jeffrey T. Gilbert |

### WINGER'S UNOPPOSED MOTION TO TRANFER VENUE

**A.    SUMMARY**

Jamal Winger requests the Court transfer this matter to the United States District Court for the Southern District of New York to facilitate a consolidated settlement with at least 14 other, similar cases pending in various federal courts across the country against PepsiCo, Inc., Frito-Lay, Inc., The Quaker Oats Company, Tropicana Products, Inc., and related entities (together, the "PepsiCo Companies"). Each of these cases involves allegations (denied by the PepsiCo Companies) that they violated the FLSA and state wage-and-hour laws in the wake of the outage of their Kronos payroll system beginning in December 2021.

The employee-plaintiffs in this and the related matters have entered a comprehensive settlement with the PepsiCo Companies that, upon its final approval, will fully and finally resolve all these outstanding wage-and-hour claims against the PepsiCo Companies.

As part of that settlement, the parties agreed that the various matters would be consolidated and that preliminary and final approval of the comprehensive settlement will be sought in the United States District Court for the Southern District of New York, where the cases will be consolidated with the designated lead matter, *Emanuele Stevens v. PepsiCo, Inc.*, No. 7:22-ccv-00802-NSR (S.D.N.Y.).

B. **ARGUMENT & AUTHORITIES**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A lawsuit may be brought in the judicial district where any defendant resides (if they all reside in the same state) or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). A defendant which is an entity is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *See* 28 U.S.C. § 1391(c).

This matter could have been brought in the Southern District of New York, where PepsiCo is headquartered, where the PepsiCo Companies reside, and where a substantial part of the events or omissions giving rise to the claim occurred. Although Plaintiff chose to bring suit in this District, Plaintiff has agreed—for settlement purposes—that a transfer of this matter to the Southern District of New York will serve the interests of justice.

"[S]ince [28 U.S.C. §]1404(a) looks to sound judicial administration, the court may order a transfer whenever the circumstances satisfy the requirement of the section …." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F.Supp. 470, 471 (N.D. Ill. 1979). In addressing a motion to transfer venue under § 1404(a), the court first asks whether the proposed transfer venue is proper (which, as noted, the Southern District of New York would be) and then considers the "interests of justice" factors, including the (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and

(10) how best to serve the interest of justice, based on an assessment of the totality of material circumstances. *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 327-39 (E.D.N.Y. 2006). Here, Plaintiff is requesting the change of venue for the convenience of the parties to the district where PepsiCo is headquartered to facilitate a settlement of multiple related matters in a single proceeding, which satisfies the "fundamental concern … that litigation be conducted in the federal court which will best serve the 'interest of justice.'" *See United States ex rel. Ondis v. City of Woonsocket, R.I.*, 480 F.Supp.2d 434, 436 (D. Mass. 2007). Moreover, because the requested transfer is for purposes of facilitating settlement only, several factors are not relevant, including convenience access to evidence and convenience to witnesses.

To facilitate a consolidated settlement of this matter with related litigation, the Court should transfer this matter to the Southern District of New York for settlement purposes only, as the parties agreed as part of their settlement. In the event the settlement is not effectuated, the parties agree this action will be returned to this Court for further proceedings.

**C. CONCLUSION**

The Court should order a transfer of this case to facilitate a coordinated settlement with similar matters pending against the PepsiCo Companies.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
N.D. Ill. Bar # 24069719 (TX)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Michael N. Hanna, Esq.**
N.D. Ill. Bar No.: 85035 (FL)
**MORGAN & MORGAN, P.A.**
55 E. Monroe St., Ste. 3800
Chicago, IL 60603
Tel: (313) 739-1951
Fax: (313) 739-1976
mhanna@forthepeople.com

**Attorneys for Plaintiff**

### CERTIFICATE OF CONFERENCE

Prior to filing this Motion, I conferred with counsel for the PepsiCo Companies, who confirmed that Defendant is unopposed to the relief sought herein.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet

### CERTIFICATE OF SERVICE

On May 18, 2022, I served a copy of this document and any attachments on all registered parties and/or their counsel of record via the Court's CM/ECF system. I also served a copy of this document and any attachments on the following parties via email, pursuant to the parties' agreement:

Linda H. Joseph                 ljoseph@sjalegal.com
SCHRÖDER, JOSEPH & ASSOCS.

Alison R. Ashmore               aashmore@dykema.com
DYKEMA GOSSETT PLLC

**Attorneys for the PepsiCo Companies**

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet

- 4 -